# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

### Case No. 23-1935

(U.S. District Court for the Western District of Virginia,
Civil Action No. 7:21-cv-99)

_____

## MOUNTAIN VALLEY PIPELINE, LLC,

*Plaintiff – Appellee,*

v.

## 0.32 ACRES OF LAND OWNED BY GRACE MINOR TERRY

*Defendant – Appellant.*

## <u>OPENING BRIEF OF APPELLANTS</u>

Joseph V. Sherman (VSB No. 86099)
JOSEPH V. SHERMAN, P.C.
324 W. Freemason Street
Norfolk, Virginia 23510
Telephone: (757) 350-8308
Facsimile: (757) 351-4663
Email: joe@jvslawyer.com
*Counsel for Defendant-Appellant*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................... iii

JURISDICTIONAL STATEMENT ........................................... 1

STATEMENT OF THE ISSUES ............................................... 2

STATEMENT OF THE CASE ................................................... 3

SUMMARY OF THE ARGUMENT ....................................... 7

STANDARD OF REVIEW ...................................................... 8

ARGUMENT ............................................................................ 10

I.    The trial court abused its discretion by excluding Ms. Terry's opinion of damages on basis of comparability of sales .................................. 11

    A.    Ms. Terry owned the subject property for sixty (60) years, is college educated, and studied the MVP project in detail. ....... 11

    B.    The trial court misapplies collateral estoppel and decides issues of fact in dispute related to comparable sales. ........................ 13

II.    The trial court abused its discretion by excluding Ms. Terry's expert witness and denying her fundamental right to just compensation without opportunity to clarify or supplement. ................................... 16

    A.    The trial court abused its discretion by excluding Mr. Gruelle on issues that relate to weight of testimony, not admissibility. ...................................................................... 16

    B.    The trial court doubled down on denial of Ms. Terry's fundamental right by not re-opening discovery. ..................... 21

III.    The trial court erred by weighing and ruling on facts in dispute to grant the pipeline summary judgment. ............................................. 27

i

A.     Pre-existing conditions of the subject property are facts in dispute. ................................................................... 28

B.     Comparability of other market sales are facts in dispute. ....... 29

C.     The necessity of the access road for MVP's project is admitted by MVP or a material fact in dispute. .................................... 30

D.     Rule 702 is not meant to decide material facts in dispute. ..... 31

CONCLUSION AND STATEMENT OF RELIEF SOUGHT .................... 32

CERTIFICATE ............................................................................. 33

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                    <u>Page</u>

*Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg.*, 511 Fed. Appx. 398
(6th Cir. 2013) ................................................................................. 19

*Am. Gen. Life Ins. Co. v. Russell*, No. 16-851-JWD-RLB 2019 U.S. Dist. LEXIS
171175 (M.D. La. Sept. 16, 2019) ........................................................ 25

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................... 9, 32

*Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717 (6th Cir. 2012) ............... 12, 19

*Ardrey v. United Parcel Service*, 798 F.2d 679 (4th Cir. 1986) .............................. 9

*Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, 2022 U.S. App.
LEXIS 29020 (4th Cir. 2022) ............................................................... 22

*Better Gov't Bureau v. McGraw*, 106 F.3d 582 (4th Cir. 1997) ............................ 23

*Bruette v. Montgomery County*, 70 Fed. Appx. 88 (4th Cir. 2003) ......................... 9

*Buffington v. Baltimore County*, 913 F.2d 113 (4th Cir. 1990) ............................ 25

*Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525 (1958) ................................ 20

*Campbell v. United States*, 266 U.S. 368 (1924) .................................................. 30

*Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995) ...................................................... 20

*Chicago, Burlington & Quincy Rail. Co. v. Chicago*, 166 U.S. 226 (1897) ........... 6

*Columbia Gas Transmission, LLC v. 76 Acres*, 701 Fed. App'x 221 (4th Cir. July
13, 2017) ................................................................................. 12, 18, 19

*D.C. Redev. Land Agency v. Thirteen Parcels*, 534 F.2d 337 (D.C. Cir. 1976) ....... 8

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ............................... 17

*E. Tenn. Natural Gas Co. v. 7.74 Acres*, 228 Fed. App'x 323 (4th Cir. May 22, 2007) ......................................................................................... 12, 19

*EEOC v. Thompson Contr., Grading, Paving, & Utils., Inc.*, 499 Fed. Appx. 275 (2012) ................................................................................................ 22

*Finch v. City of Wichita*, No. 18-1018-JWB-ADM, 2019 U.S. Dist. LEXIS 117718 (D. Kan. July 16, 2019) ................................................................. 26

*Freehill v. Lewis*, 355 F.2d 46 (4th Cir. 1966) ...................................................... 25

*GE v. Joiner*, 522 U.S. 136 (1997) ......................................................................... 9

*General Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2012 U.S. Dist. LEXIS 58316 (D. Colo. Apr. 26, 2012) ................................. 26

*Gillum v. United States*, 309 Fed. App'x 267 (10th Cir. 2009) ........................... 25

*Greyhound Lines, Inc. v. Miller*, 402 F.2d 134 (8th Cir. 1968) ............................ 25

*Griffith-Consumers Co. v. Rollings*, 79 F.2d 452 (4th Cir. 1935) .................... 20, 21

*HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191 (10th Cir. 2017) ............................................................................................. 25

*Hankes v. United States*, No. 08-cv-333-JHP-TLW, 2009 U.S. Dist. LEXIS 143007 (N.D. Okla. Apr. 10, 2009) ................................................................. 26

*Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015) .. 9, 10, 31

*Jones v. Blue Cross Blue Shield*, No: 16-CV-340-JWD-RLB, 2018 U.S. Dist. LEXIS 13545 (M.D. La. Jan 29, 2018) ................................................... 26

*Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292 (11th Cir. 2011). 25

*Kitlinski v. United States DOJ*, 994 F.3d 224 (4th Cir. 2021) ............................... 22

*Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993) .................................................. 9, 18

*Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 U.S. Dist. LEXIS 86448 (M.D.N.C. June 6, 2017) ....................................................................... 22

*Lauzon v. Senco Prods.*, 270 F.3d 681 (8th Cir. 2001) .......................................... 18

*Leon v. Stables*, No. 18-1203, 2020 U.S. Dist. LEXIS 72928 (D.N.M. Apr. 24, 2020) ................................................................................................. 25

*Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210 (D. Colo. 2011) ... 26

*Magenau v. Aetna*, 360 U.S. 273 (1959) ................................................................ 20

*McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-182, 2018 U.S. Dist. LEXIS 99005 (E.D.N.C. June 13, 2018) ........................................................... 22

*Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748 (7th Cir. 2010) .......... 12, 19

*Monongahela Navigation Co. v. United States*, 148 U.S. 312 (1896) ................... 17

*Nkansah v. Martinez*, No. 3:15-CV-646, 2017 U.S. Dist. LEXIS 100081 (M.D. La. June 28, 2017) .................................................................................. 26

*Oliver-Gely v. HI Dev. PR Corp.*, 472 F. Supp. 2d 140, 143 (D.P.R. 2007) .......... 22

*Pitman v. United States Citizenship & Immigration Services*, No. 2:17-cv-0166, 2017 U.S. Dist. LEXIS 198342 (D. Utah Dec. 1, 2017) ....................................... 26

*Richmond v. Madison Management Group, Inc.*, 918 F.2d 438 (4th Cir. 1990) .... 20

*Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021) ............... 9, 32

*Sierra Club v. W. Va. Dep't of Env't Prot.*, 64 F.4th 487 (4th Cir. 2013) ................ 4

*Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2012 U.S. Dist. LEXIS 205870 (D. Kans. Dec. 13, 2012) ......................................................................... 26

*Silvestri v. GMC*, 271 F.3d 583 (4th Cir. 2001) .................................................... 25

*Smith v. United States*, 834 F.2d 166 (10th Cir. 1987) .......................................... 23

*Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545, 2018 U.S. Dist. LEXIS 80174 (E.D. Va. May 10, 2018) ............................................................... 22

*T-Zikssari v. Glendening*, 1995 U.S. App. LEXIS 15498 (4th Cir. 1995) ............ 23

*Thompson v. Doane Pet Care Co.*, 470 F.3d 1201 (6th Cir. 2006) .................. 21, 22

*United States v. 124.84 Acres of Land*, 387 F.2d 912 (7th Cir. 1968) ................... 30

*United States v. 320.0 Acres of Land*, 605 F.2d 762 (5th Cir. 1979) .......... 12, 19, 29

*United States v. 329.73 Acres of Land*, 666 F.2d 281 (5th Cir. 1982) ..................... 8

*United States v. 819.98 Acres*, 78 F.3d 1468 (10th Cir. 1996) ........................ 12, 19

*United States v. 3698.63 Acres of Land*, 416 F.2d 65 (8th Cir. 1969) ..................... 8

*United States v. Aguilera-Meza*, 329 Fed. Appx. 825 (10th Cir. 2009) ................ 18

*United States v. Delfino*, 510 F.3d 468 (4th Cir. 2007) .............................................. 9

*United States v. Dillard*, 891 F.3d 151 (4th Cir. 2018) ............................................. 9

*United States v. Easements & Rights-of-Way over a Total of 15.66 Acres of Land*, 779 Fed. Appx. 578 (11th Cir. 2019) ............................................................ 29, 30

*United States ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445 (4th Cir. 2011) ........ 9

*Weinberger v. Tucker*, 510 F.3d 486 (4th Cir. 2007) ............................................... 13

## Constitutions and Statutes

U.S. Const. Am. V ...................................................................................... 16

15 U.S.C. §717 .............................................................................................. 1

28 U.S.C. § 1291 ........................................................................................... 2

28 U.S.C. § 1294 ........................................................................................... 2

28 U.S.C. §1331 ................................................................ 2

Va. Const. Art. I § XI ...................................................... 16

Va. Code § 1-219 .............................................................. 16

Va. Code § 25.1-230 .......................................................... 31

**<u>Rules</u>**

Fed. R. Civ. P. 56 ....................................................... 9, 24, 25

Fed. R. Civ. P. 71.1(h) ...................................................... 1, 20

## JURISDICTIONAL STATEMENT

On October 24, 2017, Mountain Valley Pipeline, LLC ("MVP") filed a
Complaint in the District Court for the Western District of Virginia ("district court"
or "court") "[p]ursuant to its power of eminent domain as authorized by the
Natural Gas Act ("NGA"), 15 U.S.C. §§717-717z, and Federal Rule of Civil
Procedure 71.1[.]" JA0001-3.  MVP sued to condemn easements on two hundred
ninety-eight (298) separate tracts of private property in Virginia's western district
including 0.32 acres of land ("the easements"). [1]  JA0004-10.  The subject property
is owned by Grace Minor Terry.  MVP condemned permanent easements for an
access road for pipeline construction, operation, and maintenance. *Id.*

The NGA, at §717f(h), authorizes a certificate of public convenience and
necessity holder to acquire property "by the exercise of the right of eminent
domain" when it is "unable to agree with the owner of property to the
compensation to be paid" for a right-of-way to construct, operate and maintain a
natural gas pipeline. Subpart (h) grants United States district courts jurisdiction
over such eminent domain proceedings when the property's claimed value exceeds
$3,000.  MVP alleged that each sued-for tract's value exceeded $3,000 and that

---

[1] The subject property also is identified as MVP parcel number VA-RO-5149, and
as Roanoke County (Virginia) tax map parcel numbers 101.00-01-01, 102.00-01-
01.02, and 102.00-01-01.03 and Montgomery County (Virginia) tax map parcel
number 85-A-6.  JA0087.

each lay "within the Western District of Virginia." JA0003. 28 U.S.C. §1331 provides district courts "shall have original jurisdiction of all civil actions arising under" United States laws which would include the Natural Gas Act.

On August 24, 2023, the district court entered its Order Vesting Title to Easements on MVP Parcel No. VA-RO-5149 ("final judgment"). JA 1017-1025. The final judgment disposed of all claims existing between the parties, and vested title in MVP's condemnation of the easements, following the August 7, 2023, Memorandum Opinion granting MVP's supplemental motion for summary judgment and denying Ms. Terry's Motion to Reopen Discovery. JA 1006-1016.

Ms. Terry filed a Notice of Appeal on September 6, 2023. JA 1026-1027. This Court's jurisdiction arises under 28 U.S.C. §1291, granting it "jurisdiction of appeals from all final decisions of the district courts," and §1294(1), directing appeals "to the court of appeals for the circuit embracing the district."

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. The district court abused its discretion to exclude Ms. Terry's opinion of loss in value caused by the pipeline easements. The Court excluded her testimony by weighing evidence and deciding material facts in dispute despite never visiting the subject property that Ms. Terry knows intimately from 60 years of ownership.

2. The district court abused its discretion to exclude Ms. Terry's expert witness appraiser from testifying about the value of the property before

2

condemnation and the value of the property after condemnation by weighing

evidence and deciding material facts in dispute. The court failed to protect Ms.

Terry's fundamental right to just compensation for the taking of her property by

refusing to re-open discovery to cure purported defects in her evidence.

3. The district court made an error of law by resolving all material facts in

dispute and awarding MVP summary judgment despite material facts in dispute.

## STATEMENT OF THE CASE

FERC approved a 14% guaranteed return on investment for investment into

natural gas pipeline infrastructure. *E.g.* 7:17-cv-492, Dkt. 1-1, p. 35 (approving

MVP 14% return on equity). The federal interest in natural gas production

coincided with the successful extraction of gas from the Marcellus shale reservoir

discovered beneath Pennsylvania – one of the biggest domestic deposits recorded.

In 2015, MVP announced a plan to invest billions of dollars into extracting

natural gas and delivering it to ports on the east coast including condemnation of

permanent easements across several states and hundreds of private property owners

in addition to multiple permits from multiple federal and state agencies.

The plan included aggressive engineering techniques – unprecedented in any

previous natural gas pipeline constructed. JA0114-0115. Indeed, the plan also

included overaggressive efforts to permit the project. *See, e.g.*, Coral Davenport,

*Mountain Valley Pipeline Halted as Legal Wrangling Heats Up*, New York Times

(July 12, 2023); *Sierra Club v. W. Va. Dep't of Env't Prot.*, 64 F.4th 487, 509 (4th Cir. 2013) (vacating state finding that MVP was likely to not violate state water standards because state failed to address, *inter alia*, MVP's violation history).

Condemning the right to summit the highest peak in Roanoke County, for the right to "daisy-chain" equipment to the other side of the mountain, gives rise to the just compensation case before the court. MVP wanted to condemn an access road to attach chains to heavy machinery and winch the equipment over the top of the mountain for use on the other side. At first FERC denied the use of this road for this purpose. JA0114 (citing FERC Dkt. CP16-10). Not until MVP protested and appealed to FERC, on the basis of the necessity of this access road for success of the project, did FERC allow the condemnation of this access road. *Id.*

Once FERC approved the project, MVP filed to condemn 298 parcels in the western District of Virginia. JA0001-0007. All cases got assigned to a single judge who accepted a massive increase in her workload to facilitate MVP's project.

Over a decade before March 7, 2018, the date of MVP's condemnation, Ms. Grace Terry, a seventh-generation owner of the subject property, had put the property into an environmental easement. JA0091. The terms of the easement restrict development of the 558-acre site to a single-homesite. JA0100. Ms. Terry herself enrolled the property into the conservation program and experienced the appraisal and voluntary reduction of value firsthand. JA0246-0247. The specific

spot of condemnation for the MVP access road, the highest elevation of the subject property and all of Roanoke County, Virginia, included a narrow walking trail and natural vegetation – no permanent development or existing road of any kind. JA0199-0200 (describing as leaf-covered, impassable for cars, and only used for walking). Although the property lays on both sides of Honeysuckle Road, a public road, Honeysuckle Road itself goes just to one place beyond the subject property – a state police communication tower just over the County line in Montgomery County. JA0189-0190. For all intents and purposes, the 558 acres of land were preserved for natural uses and limited to a single homesite offering the privacy of rural residential living, a premium view from the highest point in Roanoke County, and natural settings of forest, streams, and wildlife.

After condemnation, a prospective purchaser must consider the effect of MVP's access road on the privacy, view, and natural settings that make the property special and command market value. MVP proposes winching heavy equipment up and down the side of the mountain. MVP controlled these rights since 2018 and is not done yet. *See* JA0022-0026. MVP's condemned rights are permanent and any buyer of the subject property would subordinate their concerns about privacy, noise, and use of the property to MVP's in perpetuity. *See id.*

The value of the property before condemnation is an issue of fact. The value of the property after condemnation is an issue of fact. The difference between

market value before and after condemnation, or just compensation, is also an issue

of fact.  Issues of fact belong to the province of the jury.

The trial court doth protest too much to avoid a jury trial in her, admittedly

overburdened, court.  Although the federal government can incentivize

condemnation for national interests the government cannot subsidize the costs of

the project on the backs of private property owners.  Constitutional guarantees of

our republic require justice to the landowners in the form of full and complete

compensation for the involuntary and permanent taking of their land for public

purposes.  *Chicago, Burlington & Quincy Rail. Co. v. Chicago*, 166 U.S. 226, 235-

36 (1897) ("Indeed, in a free government almost all other rights would become

worthless if the government possessed an uncontrollable power over the private

fortune of every citizen.").  Without ever having visited the subject property, the

trial court waded into disputed issues of material facts – comparability of sales

used by appraisers, existence of a 100-year-old logging road beneath the new MVP

permanent easement, and effect of traffic on the dead-end public road fronting the

subject property.  Condemnation of private property rights invades a fundamental

right of the owner to receive just compensation and having a judge decide material

issues of fact in dispute without testimony, cross-examination, or proffering of

evidence, including a visit to the land in question, serves to force Ms. Terry to

accept $10,000 for land interests she believes worth over $300,000.  Allowing

MVP to run roughshod over Ms. Terry's right to a jury decision represents one step forward and two steps back – one less case on the docket taking up valuable court time at the expense of trust in the courts and the lack of any appearance of justice by refusing to allow Ms. Terry to testify or put on any evidence for her case.

## SUMMARY OF THE ARGUMENT

The pre-trial motions to exclude Ms. Terry's evidence necessarily required the trial court to weigh evidence and make credibility determinations. The trial court weighed Ms. Terry's opinion that the MVP access road decreased the value of the property by one-third and held that opinion lacked a rational basis. The trial court likewise considered the competing appraisal evidence of the two parties and found MVP's more credible – determining the suitability of comparable land sales identified by Ms. Terry's appraiser before and after condemnation, deciding material issues of fact related to pre-existing conditions of the subject property, and closing the gate to any admissible evidence by rejecting the opinions of Ms. Terry.

The trial court breaks new ground to weigh the appraisal evidence – the trial court never traveled to the subject property, gives no explanation as to why or how the appraisal evidence fails to meet appraisal industry standards, and imposes her opinion of the material facts in dispute without the benefit of testimony, cross-examination, or a visit to the subject property to review the disputed conditions.

Weighing the disputed evidence does a tremendous disservice to the rule of law.  Ms. Terry will live with the permanency of a heavy-duty industrial road easement on her otherwise natural conservation easement in perpetuity.  Allowing MVP to decide what Ms. Terry is owed, rather than the jury, defeats Ms. Terry's right to just compensation for the loss in value to her property.  The trial court taking the decision from the jury, with many competing issues of fact, deprives Ms. Terry her right to trial by jury.  Refusing to allow Ms. Terry to supplement discovery to show the trial court its errors related to material facts in dispute forces this appeal rather than adjudicating amount of compensation owed on the merits.

## **STANDARD OF REVIEW**

A landowner is competent to testify to the value of her own property and damages in condemnation causes.  *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982) (finding that owner testimony was proper without qualification even if it was not based on any accepted method of valuation); *D.C. Redev. Land Agency v. Thirteen Parcels*, 534 F.2d 337, 341 (D.C. Cir. 1976) (holding that landowner is entitled to leeway in their opinion and allowing owner opinion based in part on incomparable property); *United States v. 3698.63 Acres of Land*, 416 F.2d 65, 67 (8th Cir. 1969) ("opinion testimony of a landowner on the valuation of his land has been admitted in federal courts without ... qualification.").

The Court reviews a district court's decision to admit or exclude expert evidence for abuse of discretion. *GE v. Joiner*, 522 U.S. 136, 139 (1997); *United States ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 454 (4th Cir. 2011); *Kopf v. Skyrm*, 993 F.2d 374, 378 (4th Cir. 1993). The Court review's a district court's decision regarding pretrial discovery for abuse of discretion. *Bruette v. Montgomery County*, 70 Fed. Appx. 88, 97 (4th Cir. 2003); *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986). A district court abuses its discretion when it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (quoting *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007).

A Court may grant summary judgment where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015). On motion for summary judgment, a court must view evidence in the light most favorable to the non-moving party. *Id.* The court may not weigh evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a

directed verdict.   The evidence of the nonmovant is to be believed, and all

justifiable inferences are to be drawn in his favor."); *Sedar v. Reston Town Ctr.*

*Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) ("courts must view the evidence in

the light most favorable to the nonmoving party and refrain from weighing the

evidence or making credibility determinations.  A court improperly weighs the

evidence if it fails to credit evidence that contradicts its factual conclusions or fails

to draw reasonable inferences in the light most favorable to the nonmoving

party."); *Jacobs*, 780 F.3d at 569.

## ARGUMENT

The trial court took it upon itself to determine all disputed questions of fact

in the case to leave nothing for jury determination.  The Court ignored Ms. Terry's

extensive experience with her land, including recent appraisal work for purposes of

establishing a conservation easement over the property, and made factual findings

that oppose her positions on material facts in dispute.  Indeed, all of the complaints

about the evidence in contention revolve around factual disputes: (1) existing

condition of the property prior to condemnation; (2) suitability of comparable

sales; and (3) whether MVP's access road was necessary for MVP's project.

By deciding facts in dispute meant for the jury and refusing Ms. Terry to

opportunity to supplement the bases for her factual contentions, the trial denied

Ms. Terry her fundamental right to just compensation for the taking of her property.

I.     **The trial court abused its discretion by excluding Ms. Terry's opinion of damages on basis of comparability of sales.**

Ms. Terry developed an opinion of the value of her property before condemnation and the quantum of damages resulting from MVP's take.  *See* JA0133-0134.  Ms. Terry reviewed local sales of properties by a regional firm specializing in purchase and sale of mountaintop properties over the five years preceding her review and found her property worth $1,000,000 before the taking. JA0229, JA0133.  The trial court did not exclude Ms. Terry's before value and MVP stipulated to it for the purposes of summary judgment.  JA0920-0922, JA0930-0933.  Ms. Terry determined her property was damaged by 33% as a result of MVP's taking, JA0230, after considering her prior experience encumbering the property with a conservation easement, and causing a reduction in its value, JA0247-0238, and local sales of property encumbered by MVP's easements which indicated a one-third reduction in property value.  JA0232-0237, JA0249.

A.     **Ms. Terry owned the subject property for sixty (60) years, is college educated, and studied the MVP project in detail.**

Ms. Terry's conclusions about applicability of the easements was not mere guesswork – Ms. Terry studied the effect of the project on her property as a FERC intervenor during the project's federal approval phase.  JA0178, 0248-0249, JA0483-0490.  She testified based on her experience as an owner of the land for

sixty (60) years, her college education, and knowledge of the project that the project is inconsistent with her property's highest and best use as rural residential.

The trial court's ruling focuses on the comparability of market data known to her to her own situation – a jury issue. *Columbia Gas Transmission, LLC v. 76 Acres*, 701 Fed. App'x 221, 229-30 (4th Cir. July 13, 2017) (holding challenge to appraisal evidence goes to weight and not admissibility); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010) (holding that critiques of quality of opposing testimony go to weight, not admissibility); *E. Tenn. Natural Gas Co. v. 7.74 Acres*, 228 Fed. App'x 323, 327-28 (4th Cir. May 22, 2007) (holding challenge to appraisal evidence goes to weight and not admissibility); *United States v. 819.98 Acres*, 78 F.3d 1468, 1472 (10th Cir. 1996) (holding challenge to appraisal evidence goes to weight and not admissibility); *United States v. 320.0 Acres of Land*, 605 F.2d 762, 810 (5th Cir. 1979) (reversing and holding that valuation, as a question of fact, belongs to the jury); *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (holding weak factual basis for opinion not proper for exclusion but for jury to consider weight after vigorous cross-examination). Ms. Terry's opinions should go to the jury as well.

The trial court also critiqued Ms. Terry's opinion on damages, finding that Ms. Terry's experience causing the property to reduce its value for a conservation easement could not compare to the experience of reducing the property's value for

an industrial road access easement.  JA921.  The trial court cites nothing to support its difference of opinion with Ms. Terry and ignores the fact that the local land sales, in immediate proximity to Ms. Terry's land, that lost 30% of their value after the pipeline project took their land confirm her theory of losing a third of value.

**B.    The trial court misapplies collateral estoppel and decides issues of fact in dispute related to comparable sales.**

The trial court excluded Ms. Terry's opinion of value after condemnation based on its experience with similar evidence in a separate case. JA0921-0922. The separate case did not involve Ms. Terry and the factual dispute did not factor into the judgment in that separate case.  Ms. Terry should get to present evidence of the disputed sales terms to the jury for a determination of a factual dispute.

Collateral estoppel requires "(1) the parties to the two proceedings, or their privies, be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior action and must have been essential to the prior judgment; and (3) the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action" and (4) mutuality. *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007).  None of these occur here.

The disputed evidence includes two sales of land encumbered by MVP easements.  Mr. Venkat Reddy bought both.  The trial court finds the first sale, from Brokaw to Reddy, unhelpful because it occurred prior to the trial court granting possession of the easements, JA0921, ignoring the fact that Mr. Reddy

purchased the property two months after MVP filed its complaint to condemn that property and its motion for immediate entry. JA0489-0490. The marketplace and Mr. Reddy were aware of the project – Mr. Reddy told MVP's appraiser that he purchased the property with knowledge of the knowing it was subject to the easement. *Id.*; JA0115. After purchase, the court granted MVP possession of all parcels condemned subject to paying security into court and Mr. Reddy substituted into MVP's litigation in place of Brokaw. 7:17-cv-492, Dkt. 741; 7:19-cv-145, Dkt. 84, pp. 8-9. Mr. Reddy received payment from MVP for its easement.

The next spring, Mr. Reddy bought the adjoining parcel from Ms. Montuori, already encumbered by the MVP easement, and did not get the MVP money for that easement. To litigate the issue, Mr. Reddy claimed he did not know about the easement when he bought, despite knowing about the project from his prior purchase, and relied on a seller's affidavit to accuse the seller of failing to disclose. Mr. Reddy litigated against Montuori for the eventual compensation due from MVP for its easement on the Montuori property, arguing he did not know about the easement. Mr. Reddy failed to get MVP compensation for his second purchase. If Mr. Reddy contends he overpaid, given the surprise MVP easement, then that tends to show the market value as even less and the damage from MVP easements even more. The trial court ruled based on the filing of the condemnation and did not make a finding as to whether or not Mr. Reddy knew or did not know about the

MVP easement when he bought the second tract from Ms. Montuori.  7:17-cv-492, Dkt. 1440.  Despite making no finding in that case to guide its ruling, the trial court now rules in this case Mr. Reddy did not know – a material fact in dispute. JA0921.  The trial court did not allow Ms. Terry to present evidence on the issue, allow cross-examination of Mr. Reddy, or let the jury decide the factual dispute.

The trial court errs deciding disputed facts based on evidence in a case that Ms. Terry was not party to the proceedings between Mr. Reddy and Ms. Montuori, nor did the court in that litigation enter a final judgment against Ms. Terry.  The present litigation between MVP and Ms. Terry over the damage MVP's easements cause to her property is unrelated and does not feature any parties in privity.

If allowed to present evidence to the jury, the paired sales of tracts on the same mountain before condemnation and after demonstrate that the market value of land encumbered by MVP easements decreased by 30%.  The sale of land prior to MVP's announcement is higher than the two sales of land after MVP's project announcement – the value of land per acre falls in both transactions after MVP's announcement despite value of land otherwise increasing in Roanoke County.

The trial court abused its discretion to exclude Ms. Terry's opinion on damages based on comparable sales and comparable easements and improperly decides facts in dispute against Ms. Terry.  This Court should reverse the trial court's exclusion and allow a jury to assign due weight to the comparable sales.

II.    **The trial court abused its discretion by excluding Ms. Terry's expert witness and denying her fundamental right to just compensation without opportunity to clarify or supplement.**

The trial court improperly decided facts in dispute regarding Mr. Gruelle's appraisal report without affording an opportunity to further expound upon factual bases for his findings. In a jury trial, the trial court does not get to decide whether facts and opinions in an appraiser's report are true. Material facts in dispute will always affect the outcome – the entire point of a jury trial. Appraisal opinions such as comparability of market sales, impacts of the subject property's features on its value, and impact of the public project on the value of the remainder are facts for a jury to weigh and determine in deciding just compensation owed and not facts for the court to take away from the jury to determine the appraiser unreliable on the jury's behalf. The trial court abused its discretion in excluding Mr. Gruelle.

A.    **The Court abused its discretion by excluding Mr. Gruelle on issues that relate to weight of testimony, not admissibility.**

Ms. Terry's rights in her private property are fundamental rights. Va. Const. Art. I § XI; Va. Code § 1-219. The Constitution mandates that when the government appropriates these rights – including by a private company using federal authority to take the rights – Ms. Terry receives just compensation for her rights taken. U.S. Const. Am. V ("nor shall private property be taken for public use, without just compensation."); *United States v. General Motors Corp.*, 323 U.S. 373, 377 (1945) (finding "property" in the Fifth Amendment refers to individual's

16

rights); *Monongahela Navigation Co. v. United States*, 148 U.S. 312, 326 (1896) ("There can, in view of the combination of those two words, be no doubt that the compensation must be a full and perfect equivalent for the property taken.").

To secure her constitutional guarantee, Ms. Terry opposed MVP's offer by retaining Dennis W. Gruelle, MAI, SRA to value her property before condemnation and value the remainder after condemnation. Mr. Gruelle found the value of Ms. Terry's 558 acres encumbered by a conservation easement worth $865,000 before condemnation by relying on four (4) sales of large acreage properties encumbered by easements he believed similar to a conservation easement. JA0105-0112.

Mr. Gruelle found Ms. Terry's property suffered a loss in value after condemnation due to losing control of the peak elevation on the property proximate to the most valuable home site. JA0117-0118. Mr. Gruelle opined that a premium rural residential purchaser would not want to purchase a home site proximate to an industrial road easement and found that the best use of the land after condemnation best used for rural recreation such as hunting, hiking, or camping. *Id.* Mr. Gruelle used three comparable sales of large-acreage properties to determine the value after taking to be $560,000. JA0119-0124.

The two opinions, value of the subject property before condemnation and the value of the subject property after condemnation, are both material facts in dispute.

17

The trial court took it upon itself to weigh each aspect of Mr. Gruelle's report and decide material facts related to the pre-existing conditions of the subject property as well as comparability of other properties used to compare to the subject property's value both before and after condemnation. *See* JA0916-0917 (citing rebuttal report of MVP's rebuttal appraisal witness Mr. Joseph Thompson).

Federal Rule of Evidence 702 is meant to provide a liberal standard for admission of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) (noting "liberal thrust" of Rule and "general approach of relaxing the traditional barriers to opinion testimony."); *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (noting Rules "eliminated many formalistic barriers imposed by the common law on the introduction of opinion and expert testimony" and "Rule 702 is broadly interpreted, and helpfulness to the trier of fact is its touchstone."); *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001) ("Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony."); *United States v. Aguilera-Meza*, 329 Fed. Appx. 825, 833-34 (10th Cir. 2009) (finding expert sufficient for liberal standard of Rule 702).

The trial court's discrepancies with Mr. Gruelle's report come down to matters of weight for the jury, not matters of admissibility. Courts widely hold factual bases of an expert's opinions and comparability of sales are matters for the jury to consider and assign weight – not exclusion. *76 Acres*, 701 Fed. App'x at

229-30 (holding challenge to appraisal evidence goes to weight and not admissibility); *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg.*, 511 Fed. Appx. 398, 412-413 (6th Cir. 2013) ("it is not proper for the Court to exclude expert testimony merely because the factual bases for an expert's opinion are weak. Instead, the jury may give [the expert's] testimony as much credence as it felt the testimony deserved, particularly in light of [the] [d]efendant's cross-examination exposing [the expert's] lack of familiarity with the given topics."); *Metavante Corp.*, 619 F.3d at 762 (holding that critiques of quality of opposing expert's testimony go to weight, not admissibility); *7.74 Acres*, 228 Fed. App'x at 327-28 (holding challenge to appraisal evidence goes to weight and not admissibility); *819.98 Acres*, 78 F.3d at 1472 (holding challenge to appraisal evidence goes to weight and not admissibility); *320.0 Acres of Land*, 605 F.2d at 810 (reversing and holding that valuation, as a question of fact, belongs to the jury); *Andler*, 670 F.3d at 729 (holding weak factual basis for expert opinion not proper for exclusion but for jury to consider weight after vigorous cross-examination). The trial court abused its discretion by deciding material facts in dispute and excluding Mr. Gruelle's opinions for lack of reliability by deciding facts in dispute – far from viewing evidence in the best light to the non-moving party much less a fundamental right to just compensation.

The trial court should not set these matters for jury trials if it wants to set just compensation. *See* Fed. R. Civ. P. 71.1(h) (providing options for factfinders). This matter was set for a jury trial, where the jury had the responsibility to determine facts in dispute. *Magenau v. Aetna*, 360 U.S. 273, 278 (1959) ("An essential characteristic of [the federal system] is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury... [assigning] the decisions of dispute questions of fact to the jury."); *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525 (1958) (finding federal policy favoring jury decisions of disputed facts does not yield to state rule assigning matter to judge); *Richmond v. Madison Management Group, Inc.*, 918 F.2d 438, 451 (4th Cir. 1990) ("Fact finding, when there are conflicting alternatives, is for the jury."). Rather than leave disputed facts to the jury, the trial court took it upon itself to supplant itself in place of the jury and decide questions of fact. The trial court had the right to review Mr. Gruelle's qualifications and methodology to determine if he was reliable, *see* Fed. R. Evid. 702, it did not have the right to determine questions of fact meant for the jury to manufacture that result, *see Chandris, Inc. v. Latsis*, 515 U.S. 347, 373 (1995) ("Removing the issue from the jury's consideration is only appropriate where the facts and the law will reasonably support only one conclusion..."); *Griffith-Consumers Co. v. Rollings*, 79 F.2d 452, 453 (4th Cir.

1935) ("Courts are loath to invade the province of the jury, whose duty it is to find questions of fact.").

### B. The trial court doubled down on denial of Ms. Terry's fundamental right by not re-opening discovery.

After the trial court excluded Mr. Gruelle's opinions, Ms. Terry moved to re-open discovery to allow the opportunity for Mr. Gruelle to address the trial court's concerns with his report. JA0979. The trial court denied the opportunity to explain why opinions related to disputed facts, including related to the old and overgrown 100-year-old logging trail, and explain the correlation between other market evidence of value and the subject property. JA1014. The trial court abused its discretion by not allowing Mr. Gruelle the opportunity to explain away these perceived problems at trial. MVP did not depose Mr. Gruelle to question him on these issues as MVP did not want to know the answers. Mr. Gruelle is not required to explain every detail in his report. As the Sixth Circuit explained:

> Section 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report. Parties may ordinarily seek permission to depose such experts prior to trial, if necessary. No such request was made in this case. Rule 26(a)(2)(B) should not be used, as here, as a trap for the unwary lawyer not familiar with the particular preferences of individual judges.

*Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). Courts within the Fourth Circuit adopted the Sixth Circuit's reasoning. *See McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-182, 2018 U.S. Dist. LEXIS 99005, *3 (E.D.N.C. June 13, 2018) (quoting *Thompson* to find it would not limit expert's testimony before trial); *Steves & Sons, Inc. v. Jeld-Wen, Inc*., No. 3:16-cv-545, 2018 U.S. Dist. LEXIS 80174, *11-12 (E.D. Va. May 10, 2018) (relying on *Thompson* to deny exclusion); *Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 U.S. Dist. LEXIS 86448, *29 (M.D.N.C. June 6, 2017) ("An expert who testifies at trial is allowed to explain why criticisms of her work are mistaken or unwarranted, even if those explanations are not in her original report."); *see also Oliver-Gely v. HI Dev. PR Corp.*, 472 F. Supp. 2d 140, 143 (D.P.R. 2007) (holding that where expert's report failed to comply with FRCP 26, the court would refuse to exclude because another expert's deposition "provide[d] some support for" the expert's opinion).

A court has authority to reopen discovery where additional facts bearing on a decision before the Court are needed. *See Kitlinski v. United States DOJ*, 994 F.3d 224, 233 (4th Cir. 2021); *Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, 2022 U.S. App. LEXIS 29020, *3 (4th Cir. 2022); *EEOC v. Thompson Contr., Grading, Paving, & Utils., Inc.*, 499 Fed. Appx. 275, 280 (2012) (affirming

reopening discovery to depose nondisclosed expert); *Better Gov't Bureau v. McGraw*, 106 F.3d 582, 589-90 (4th Cir. 1997) (reopening discovery for further information gathering); *T-Zikssari v. Glendening*, 1995 U.S. App. LEXIS 15498, *13 (4th Cir. 1995) (finding reopening discovery appropriate to cure prejudice).

Ms. Terry asked the trial court to exercise this authority in a limited way to address the specific topics the trial court found objectionable in the opinion excluding Mr. Gruelle – she did not ask to reinvent the wheel or change any calculations that would render MVP's rebuttal reports inaccurate, nor did she ask to add any information that Mr. Gruelle could not have expounded upon at trial or in a deposition had MVP cared to learn about Mr. Gruelle's opinions.  JA0996-0998.

Courts consider six (6) factors to determine whether to reopen discovery:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citing three other federal circuits).  These factors are not all-or-nothing – they are a balancing test. *See id.*  At the time Ms. Terry made her motion, trial was not imminent – it was not on the calendar after having been continued for additional summary judgment briefing.  MVP would not have been prejudiced by the proposed limited scope of

reopening discovery – it would only supplement Mr. Gruelle's appraisal to address purported inadequacies without changing substantive information or findings that would render any of MVP's evidence inaccurate. MVP did not make any indication that it would be prejudiced in its opposition brief – it only objected to timing and attempted to reframe Ms. Terry's motion as coming under Rule 56(d) instead of the court's inherent power to manage its discovery affairs. JA0981-0985. The new discovery would certainly lead to relevant evidence as it related to foundation for the single issue in controversy – just compensation. Ms. Terry could not foresee the need during the discovery period that the trial court would throw out Mr. Gruelle's appraisal for bases she expected Mr. Gruelle to testify to at trial or in deposition, and could not have moved for the specific relief requested before the trial court excluded Mr. Gruelle well after the close of discovery.

The trial court ruled against reopening discovery considering only one (1) of the six (6) factors, finding she was not diligent – ironic given the timeline of the witness exclusions as it relates to trial and MVP's oral and supplemental motion for summary judgment at the final pre-trial conference. JA1012-1013; *see also* Case No.: 7:21-cv-99, Dkt. 36 (W. D. Va.). The trial court continued to deny Ms. Terry's motion on the basis of Rule 56(d), which she never invoked, and found she did not comply with the requirement to submit an affidavit stating she cannot present facts sufficient to justify opposition to summary judgment. JA1013-1014.

Rule 56(d) is separate and apart from the court's inherent powers to extend

discovery deadlines and neither MVP nor the trial court presented any authority for

the notion that just because a summary judgment motion pended at the time of the

request that Rule 56(d) automatically controlled.  *See Buffington v. Baltimore*

*County*, 913 F.2d 113, 132 n.15 (4th Cir. 1990) (noting the court's inherent power

to control discovery beyond authority given in Rules); *Josendis v. Wall to Wall*

*Residence Repairs Inc.*, 662 F.3d 1292, 1310 (11th Cir. 2011) (referring to district

court's inherent power to control discovery); *Greyhound Lines, Inc. v. Miller*, 402

F.2d 134, 144 (8th Cir. 1968) ("The court had inherent power to control the time

table on discovery within reasonable limits." (citing *Freehill v. Lewis*, 355 F.2d 46

(4th Cir. 1966)); *see also Silvestri v. GMC*, 271 F.3d 583, 590 (4th Cir. 2001)

(noting "court's inherent power to control the judicial process and litigation").

As many courts acknowledge, "parties to a litigation are not merely players

in a game, trying to catch each other out.  Rather, litigation should promote the

finding of the truth, and, wherever possible, the resolution of the cases on their

merits."  *Gillum v. United States*, 309 Fed. App'x 267 (10th Cir. 2009); *HCG*

*Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1205 (10th Cir.

2017) (following Gillum's "lesser sanction" approach); *Leon v. Stables*, No. 18-

1203 JAP/JFR, 2020 U.S. Dist. LEXIS 72928, *12, 15 (D.N.M. Apr. 24, 2020);

*Am. Gen. Life Ins. Co. v. Russell*, No. 16-851-JWD-RLB 2019 U.S. Dist. LEXIS

171175, *12 n.2 (M.D. La. Sept. 16, 2019); *Finch v. City of Wichita*, No. 18-1018-JWB-ADM, 2019 U.S. Dist. LEXIS 117718, * 11 (D. Kan. July 16, 2019); *Jones v. Blue Cross Blue Shield*, No: 16-CV-340-JWD-RLB, 2018 U.S. Dist. LEXIS 13545, *11 n.2 (M.D. La. Jan 29, 2018); *Pitman v. United States Citizenship & Immigration Services*, No. 2:17-cv-0166-CW-EJF, 2017 U.S. Dist. LEXIS 198342, *3-4 (D. Utah Dec. 1, 2017); *Nkansah v. Martinez*, No. 3:15-CV-00646, 2017 U.S. Dist. LEXIS 100081, *19 n.6 (M.D. La. June 28, 2017); *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2012 U.S. Dist. LEXIS 205870, *11 (D. Kans. Dec. 13, 2012); *General Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2012 U.S. Dist. LEXIS 58316, *10 (D. Colo. Apr. 26, 2012); *Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1219 (D. Colo. 2011); *Hankes v. United States*, No. 08-cv-333-JHP-TLW, 2009 U.S. Dist. LEXIS 143007, *3 (N.D. Okla. Apr. 10, 2009).  This is, after all, Ms. Terry's only chance for compensation.

This maxim should apply with particular force, here, where the effect of the exclusion of Mr. Gruelle's report and denial of the chance to supplement had the effect of denying Ms. Terry's constitutional right to just compensation for the taking of her property rights.  MVP's figure is not just compensation simply because the trial court disqualified Mr. Gruelle – the trial court acknowledged the likely inadequacy when it required MVP to pay triple its initial appraised value into court as deposit for immediate possession and double as bond.  JA0022-0023.  Ms.

Terry does not seek run-of-the-mill damages – she seeks her constitutional guarantee of just compensation which warrants special consideration, which the trial court acknowledge in denying the first summary judgment motion but forgot by time the second motion came around. JA0923 ("In a standard civil case where a plaintiff seeks monetary damages, a plaintiff's failure on summary judgment to present evidence of damages results in summary judgment for the defendant. In a condemnation case, however, the Constitution requires the entity condemning property to pay just compensation.").

### III. The trial court erred by weighing and ruling on facts in dispute to grant the pipeline summary judgment.

This Court, if it does not reverse the trial court on the exclusion of Mr. Gruelle or Ms. Terry, must reverse the trial court and remand this matter for trial on the quantum of damages due to Ms. Terry for the taking of her property rights. The trial court impermissibly determined and disregarded material facts in dispute.

Even after butchering the evidence the trial court stood poised to let Ms. Terry have her day in court before the jury. JA0923. Then MVP made an oral motion at the final pre-trial conference that launched more briefing and ultimately a summary judgment denying the right to a jury trial despite the range of opinions

27

of damages included 0%, 1%, 2%-10%, and 0%-30%.[2]  To prevent the jury from

hearing about the other appraisals, the court found them unreliable.  JA1015-1016.

The material facts in dispute involve three types of issues: (1) pre-existing

condition of the subject property; (2) comparability of other sales to establish

market value; and (3) the necessity of the access road for MVP's project.

### A.    Pre-existing conditions of the subject property are facts in dispute.

Whether a pre-existing road existed or not on the subject property is a

material fact in dispute.  Mr. Gruelle inspected the property and found no road and

made no mention of a pre-existing road in his report.  Ms. Terry testified that the

property featured a walking trail not passable by car.  JA199-200.  MVP argued

that the neighboring parcel relied on the MVP access road for access to its parcel

and its rebuttal appraiser found a pre-existing logging road existed on the property

prior to condemnation.  JA0080.  The trial court found without reliable evidence,

or even a visit to the property, against Ms. Terry's factual position – far from

assuming disputed facts in favor of the non-moving party.

---

[2] The trial court granted judgment on Samuel Long's damage opinion of 1% and
entered judgment for $10,354.  Granting a judgment for 1% damages to Ms.
Terry's before value of $1,000,000 was one of several possibilities based on
remaining evidence.  JA1014-1016.  Mr. Long himself offered a range of damages
from 2% to 10% in MVP's case-in-chief report.  JA0956.  Mr. Long testified to an
after value of $963,419, which the jury use to award $36,581 instead of $10,354.
JA0957.  Mr. Long only arrived at his opinion of 1% damages in his rebuttal
report.  JA0957.  The trial court entered judgment based on 1% damages.

Likewise, the trial court bemoaned the potential inconsistency of considering noise from the MVP access road, and its industrial equipment, without considering the noise of the existing state road that goes to the police tower at the top of the mountain. JA0916, JA0918. The court, without having visited the site, cannot appreciate that the public road, Honeysuckle Road, goes nowhere and boasts no through traffic. JA0189, JA195-196 (testifying to low traffic on Honeysuckle Road because it goes nowhere). Mr. Gruelle repeatedly mentioned Honeysuckle Road in his report and did consider its effect on the subject property's value before and after condemnation. JA0098, JA0100, JA0103, JA0118.

### B.      Comparability of other market sales are facts in dispute.

The trial court excluded Mr. Gruelle's before and after sales and Ms. Terry's reliance on other market sales – a function belonging to the jury. Attacks on comparable sales go to the weight of the evidence, not admissibility. *E.g. United States v. 320.0 Acres*, 605 F.2d 762, 810-811 (5th Cir. 1979) ("the extent to which dissimilarities are reflected in market value is a question of the evidentiary weight of the comparable sales, which is a question for the jury. By excluding the … sales, the Court in effect substituted itself for the jury, and there is a strong likelihood that by doing so the landowners were substantially prejudiced since they were left with no tangible evidence to support their contention"); *United States v. Easements & Rights-of-Way over a Total of 15.66 Acres of Land*, 779 Fed. Appx. 578, 581-82

(11th Cir. 2019) ("In terms of proving market value, [c]ourts have consistently

recognized that, in general, comparable sales constitute the best evidence of market

value.  Ordinarily, [t]he extent of comparability goes to the weight rather than to

the admissibility of the evidence."); *United States v. 124.84 Acres of Land*, 387

F.2d 912, 915 (7th Cir. 1968) ("Any dissimilarity in comparable sales goes to the

weight of the testimony, rather than to its admissibility. The weight to be accorded

evidence of sales of similar properties is for the trier of the facts").

### C.  The necessity of the access road for MVP's project is admitted by MVP or a material fact in dispute.

The trial court found it improper for Mr. Gruelle to find damages for impact

to Ms. Terry's property caused by the pipeline's effects on neighboring parcels

based on a rule stated in the 1924 case *Campbell v. United States*, 266 U.S. 368,

371 (1924).  The trial court declined to consider applicability of a noted exception

to the *Campbell* ruling by ruling, out of hand, that MVP did not mean what it said

when MVP asked FERC for the access road because of its importance to the

project.  JA0946-0955 ("strongly object[ing]" to FERC's suggested alternative to

using Ms. Terry's property and proposing mitigation to secure approval to use).

Despite MVP filing on the FERC docket that MVP needs the access road as part of

the larger project, the trial court dismissed the idea of considering the whole

project because the whole project is not on this property.  JA0918, n.3 ("In any

event, the subject property is not indispensable to the pipeline project because no

part of the property is crossed by the pipeline."). This belies basic eminent domain theory and practice. Va. Code § 25.1-230 ("In determining the market value of the residue after the taking, the body determining just compensation may consider everything a buyer and seller in the marketplace would reasonably consider, including the public use for which the property is being acquired…."). The buyer and seller would consider the rights to the MVP access road and the reason for its existence – to get heavy equipment to and from the corridor easement visible from the subject property's viewshed. The trial court ignored the evidence in the record.

### D. Rule 702 is not meant to decide material facts in dispute.

That the Court excluded Mr. Gruelle using Rule 702, despite not finding any problems with Mr. Gruelle's methodology, should alarm those who care about the appearance of justice. The trial court found the report unreliable based on the court's misunderstanding of material facts in dispute. Rather than letting a jury decide whether or not Mr. Gruelle's opinions overcame the objections of MVP counsel, the trial court ruled for herself without ever visiting the property or hearing the evidence presented or allowing cross-examination of both sides. The factual disputes involved with this ruling demonstrate why the case should go to the jury unless summary judgment becomes a *de facto* bench trial. Fed. R. Civ. P. 56 (requiring no genuine dispute as to any material fact); *Jacobs*, 780 F.3d at 568 (holding court must view evidence in most favorable light to non-movant on

summary judgment); *id.* at 569 (holding court may not weigh evidence or make credibility determinations on summary judgment); *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); *Sedar*, 988 F.3d at 761 ("courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations. A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party.").

## <u>CONCLUSION AND STATEMENT OF RELIEF SOUGHT</u>

Adjudicating material facts in dispute and weighing competing evidence belong to the finders of fact – the jury. This Court should remand this case to the district court with instructions to allow Ms. Terry and her appraiser Mr. Gruelle to testify to their opinions of material facts in dispute, including comparable sales, in the presence of the jury subject to the rigors and balancing test of cross-examination.

Ms. Terry requests oral argument pursuant to Fed. R. App. P. 34 and Fourth Circuit Local R. 34(a) as valuable to the decisional process. Her appeal asserts her Fifth Amendment right to just compensation in eminent domain proceedings and her Seventh Amendment right to trial by jury.

Respectfully submitted,

**0.32 ACRES OF LAND,** *et al.*

By: ___*/s/ Joseph V. Sherman*_____
       Joseph V. Sherman (VSB No. 86099)

## CERTIFICATE

I certify that on January 8, 2023, I filed one paper copy of this Opening Brief of Appellant, and through the CM/ECF system filed an electronic copy hereof.  A PDF copy of this document was served through the CM/ECF system on counsel for appellee Mountain Valley Pipeline, LLC, including Wade W. Massie, Va. State Bar No. 16616, and Seth M. Land, Va. State Bar No. 75101, at the following electronic mail addresses: wmassie@pennstuart.com, and sland@pennstuart.com.

The Opening Brief of Appellants complies with Federal Rules of Appellate Procedure 28(a) and 32(a).  It contains 8031 words and 32 pages exclusive of the table of contents, table of authorities, signature and certificate.

       */s/ Joseph V. Sherman*_____
       Joseph V. Sherman (VSB No. 86099)

Joseph V. Sherman (VSB No. 86099)
JOSEPH V. SHERMAN, P.C.
324 W. Freemason Street
Norfolk, Virginia 23510
Telephone: (757) 350-8308
Facsimile: (757) 351-4663
Email: joe@jvslawyer.com
*Counsel for Appellant*