_____

No. 23-1935
_____

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

MOUNTAIN VALLEY PIPELINE, LLC,

Plaintiff-Appellee,

v.

0.32 ACRES OF LAND, OWNED BY GRACE MINOR TERRY,
Roanoke County Tax Map Parcel No. 102.00-01-01.02-0000 and
Being MVP Parcel No. VA-RO-5149 (AR RO-279.01),

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Western District of Virginia at Roanoke in
Case No. 7:21-cv-00099, Honorable Elizabeth K. Dillon
_____

PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Wade W. Massie
Seth M. Land
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, Virginia  24210
(276) 628-5151

*Attorneys for Plaintiff-Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1935__     Caption: __MOUNTAIN VALLEY PIPELINE, LLC v. 0.32 ACRES OF LAND, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__MOUNTAIN VALLEY PIPELINE, LLC__
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☑ YES ☐ NO
   If yes, identify all such owners:
   See Attachment A.

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☑ YES ☐ NO
If yes, identify entity and nature of interest:

See Attachment A.

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Seth M. Land                    Date: February 10, 2025

Counsel for: Mountain Valley Pipeline, LLC

- 2 -

Print to PDF for Filing

# ATTACHMENT A

MVP Holdco, LLC is a member of Mountain Valley Pipeline, LLC (Series A) that owns 10% or more of the interest in the Mountain Valley Pipeline, and is a subsidiary of EQT Corporation, a publicly traded company.

US Marcellus Gas Infrastructure, LLC is a member of Mountain Valley Pipeline, LLC (Series A) that owns 10% or more of the interest in the Mountain Valley Pipeline, and is a subsidiary of NextEra Energy, Inc., a publicly traded company.

WGL Midstream MVP LLC (formerly WGL Midstream, Inc.) is a member of Mountain Valley Pipeline, LLC (Series A) that owns 10% or more of the interest in the Mountain Valley Pipeline, and is a subsidiary of AltaGas Ltd., a publicly traded company.

Con Edison Gas Pipeline and Storage, LLC is a member of Mountain Valley Pipeline, LLC (Series A) that owns less than 10% of the interest in the Mountain Valley Pipeline, and is a subsidiary of Consolidated Edison, Inc., a publicly traded company.

RGC Midstream, LLC is a member of Mountain Valley Pipeline, LLC (Series A) that owns less than 10% of the interest in the Mountain Valley Pipeline, and is a subsidiary of RGC Resources, Inc., a publicly traded company.

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.   INTRODUCTION AND STATEMENT OF PURPOSE ......................... 1

II.  STATEMENT OF CASE ................................................................................ 3

III. ARGUMENT ................................................................................................... 4

IV.  CONCLUSION ............................................................................................... 6

## TABLE OF AUTHORITIES

Cases:

*Benjamin v. Sparks,*
 986 F.3d 332 (4th Cir. 2021)..................................................................................6

*Campbell v. United States*,
 266 U.S. 368 (1924)................................................................................................3

*Evans v. Eaton Corp.*,
 514 F.3d 315 (4th Cir. 2008)..............................................................................2, 5

*Gen. Elec. Co. v. Joiner,*
 522 U.S. 136 (1997)................................................................................................5

*Mountain Valley Pipeline, LLC v. 0.47 Acres of Land,*
 853 Fed. App'x 812 (4th Cir. 2021) ......................................................................4

*Roche v. Lincoln Prop. Co.*,
 175 F. App'x 597 (4th Cir. 2006)..........................................................................2

*T.H.E. Ins. Co. v. Davis*,
 54 F.4th 805 (4th Cir. 2022)...................................................................................5

*United States v. 4.85 Acres of Land*,
 546 F.3d 613 (9th Cir. 2008).................................................................................4

*United States v. 1,129.75 Acres of Land*,
 473 F.2d 996 (8th Cir. 1973).................................................................................4

*United States v. Certain Land*,
 414 F.2d 1029 (5th Cir. 1969)...............................................................................4

*United States v. Farrell,*................................................................................................6
921 F.3d 116 (4th Cir. 2019)

*United States v. Mason*,
 52 F.3d 1286 (4th Cir. 1995).................................................................................2

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
  42 F.4th 185 (4th Cir. 2022) ................................................................................ 2

Rules:

Fed. R. App. P. 40 ..................................................................................................... 1

Fed. R. Civ. P. 71.1(h) .......................................................................................... 1, 5

Fed. R. Evid. 702 .................................................................................................. 1, 5

Pursuant to Federal Rule of Appellate Procedure 40, plaintiff-appellee Mountain Valley Pipeline, LLC ("MVP") respectfully submits this petition for rehearing and petition for rehearing en banc from the opinion and judgment of the panel vacating in part and reversing in part the decision of the district court and remanding the case for further proceedings.

## I. INTRODUCTION AND STATEMENT OF PURPOSE

This is the second of three MVP cases decided by the same panel on January 27, 2025. The first was *9.89 Acres (Elizabeth Terry)*, No. 23-2129. In that case, the panel held that the district court improperly conflated Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 71.1(h). Opinion at 9. As a result, the panel determined that the district court had employed erroneous legal principles in determining the admissibility of expert testimony. *Id*. at 14. In its opinion in *9.89 Acres*, the panel established a new multi-stage procedure to decide condemnation cases. *Id.* at 10, 13-14, 19.

In this case involving Grace Terry, the panel reached the same conclusion. The panel concluded that, in excluding Terry's expert, the district court had applied erroneous legal principles. Opinion at 12. In reaching this conclusion, the panel said, "[W]e are guided by our analysis in *9.89 Acres*, which we also issue today." *Id.*

In counsel's judgment, the issues in *9.89 Acres* and this case are ones of exceptional importance that should be reheard or reheard en banc.  Contrary to the panel's analysis, motions to exclude experts or to grant summary judgment should be governed by traditional practice and procedure.  District courts should not be required to engage in a new multi-stage process to decide them.

In addition, instead of analyzing whether the district had a rational basis for excluding the landowner's opinion on value, the panel looked for reasons why it would have ruled differently.  Opinion at 14-15.  That is not the standard of review.  "At its immovable core," the standard of abuse of discretion does not permit the Court to "reverse merely because it would have come to a different result in the first instance."  *Evans v. Eaton Corp.*, 514 F.3d 315, 322 (4th Cir. 2008).  Instead, district court's decision should be reversed only when it is "unsupportable" and not "merely mistaken."  *Id.*; *see also United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) ("At bottom, it is a standard of deference, where the trial judge will not be reversed simply because an appellate court disagrees.") (quotations omitted); *Roche v. Lincoln Prop. Co.*, 175 F. App'x 597, 602 (4th Cir. 2006) ("'Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court . . . .'") (quoting *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995)).  The Court should affirm under the appropriate standard.

II.     STATEMENT OF CASE

The district court excluded two opinions on value offered by Terry. One was the opinion of Terry's expert, Dennis Gruelle. The district court exercised its discretion to exclude Gruelle because his appraisal had numerous errors. Gruelle did not have the correct size of the access easement. JA 918-919. Gruelle diminished the value of the property because MVP took an access easement, but he gave no consideration to the fact that the road was already there. JA 916. Gruelle also relied upon impacts to the view vista from easements on other lands, damages that are not compensable in a condemnation case. JA 917 (citing *Campbell v. United States*, 266 U.S. 368, 371 (1924)).

The other opinion on value that the district court excluded was the opinion of Terry herself. The district court permitted Terry to testify on the value of her property before the taking, but the court excluded her opinion on the value of her property after the taking. JA 922. Terry claimed that an access easement over 0.235 acres in the far northern corner of her property diminished the value of the entire 500-plus acre property by a third. JA 230.

The district court excluded Terry's opinion on diminution because it was based on illogical information, JA 921-922, and, "[t]o be admissible, a landowner's valuation opinion must rely on a valid foundation, not speculation or

3

conjecture." *Mountain Valley Pipeline, LLC v. 0.47 Acres of Land*, 853 Fed. App'x 812, 815 (4th Cir. 2021) (per curiam).

In this case, Terry based her opinion on a prior appraisal that determined the diminution in value from a conservation easement over the entire tract. Because a conservation easement on 500 acres is in no way comparable to an access easement on 0.235 acres, Terry did not have a valid foundation for her opinion. JA 921. Terry also based her opinion on after sales that were not valid after sales. JA 921-922. This was not an issue of weight but one of admissibility. *United States v. 4.85 Acres of Land*, 546 F.3d 613, 618 (9th Cir. 2008) ("The threshold question of admissibility of comparable sales generally rests in the trial court's discretion."); *United States v. 1,129.75 Acres of Land*, 473 F.2d 996, 998 (8th Cir. 1973) (holding that the threshold question as to whether comparable sales have bearing on market value rests in sound discretion of trial court); *United States v. Certain Land*, 414 F.2d 1029, 1031 (5th Cir. 1969) ("It is well settled that the admissibility of comparable sales in the trial of condemnation suits is a matter within the peculiar discretion of the trial judge.").

  III.  ARGUMENT

    A.  The District Court Did Not Employ Erroneous Legal Principles

In support of its petition, MVP adopts and incorporates by reference the argument in its petition in *9.89 Acres* being filed today. This district court's

4

decision excluding Terry's expert did not apply erroneous legal principles, and the decision should not have been vacated. Rather, the Court should have decided whether the district court abused its discretion in excluding the expert. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997); *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 818 (4th Cir. 2022).

The district court judge understood the difference between Rule 702 and Rule 71.1(h), and she did not conflate the two. The panel had no basis for concluding that the district court decided the motion to exclude under erroneous legal principles. The district court's analysis was by the book.

### B. The District Court Did Not Abuse Its Discretion

The panel recited the correct legal standard for its review of the district court's decision to exclude the opinion of Grace Terry on diminution in value—abuse of discretion—but it did not correctly apply the standard. Opinion at 8. Instead of attempting to determine whether the district judge had a rational basis for excluding Terry's opinion, the panel cited information that it said supported Terry's opinion. Opinion at 9-11. That is not the standard. *Evans,* 514 F.3d at 322 (stating that the Court will reverse for abuse of discretion only when the decision is "unsupportable" and not "merely because it would have come to a different result"). The standard is whether the district judge acted arbitrarily and

5

irrationally. *Benjamin v. Sparks*, 986 F.3d 332, 346 (4th Cir. 2021); *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019).

The panel said that the two comparable sales that Terry cited were valid. Opinion at 10-11. The record does not support that conclusion. Terry attempted to use the sales as supporting her opinion of a diminution in value because of the access easement, but the sales do not indicate such a diminution. JA 921-922. Neither property was affected by an access easement, and one had no easement at all when it was sold. *Id*.

The panel agreed that Terry had no basis for her claim that a conservation easement over 500 plus acres devalued the property to the same extent as an access easement over 0.235 acres. Opinion at 11-12. Besides the two sales, this was the only other basis for Terry's opinion on diminution in value. JA 246-249.

IV. CONCLUSION

For the foregoing reasons, the Court should grant rehearing and grant rehearing en banc.

> Respectfully submitted,
>
> MOUNTAIN VALLEY PIPELINE, LLC
>
> By Counsel

6

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
         Wade W. Massie

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief complies with type-volume limits because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments) this brief contains 1,345 words.

This brief complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Word in 14 point Times New Roman font.

                                                        */s/ Wade W. Massie*
                                                        Wade W. Massie

## CERTIFICATE OF SERVICE

I certify that on February 10, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                                        */s/ Wade W. Massie*
                                                       Wade W. Massie